**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ERIC NORTH

       Plaintiff,

v.                                   Civ. No. 20-cv-1296 JB/JHR

DEB HAALAND, Secretary,
DEPARTMENT OF THE INTERIOR,

       Defendant.

**DEFENDANT'S PARTIAL MOTION
<u>TO DISMISS FOR LACK OF JURISDICTION</u>**

Defendant Deb Haaland, Secretary, Department of the Interior, moves the Court to dismiss certain of Plaintiff's claims for lack of jurisdiction. With the exception of his claims for discrimination under Title VII, this Court lacks jurisdiction over Plaintiff's claims either because they have not been exhausted, the claims are not cognizable against the United States, and/or, the Court of Federal Claim has jurisdiction. For these reasons, as described more fully below, this Court is precluded from considering any claims other than those properly exhausted under Title VII for unlawful discrimination. Plaintiff's remaining claims should be dismissed.

Counsel for Plaintiff was contacted and opposes this motion.

**<u>BACKGROUND</u>**

Beginning in 2009, Plaintiff Eric North was employed with the Bureau of Indian Education (BIE) of the United States Department of the Interior as a School Safety Specialist. Plaintiff alleges that starting in January of 2012, he was impermissibly reassigned from the position of School Safety Specialist (GS-12) to higher grade positions such as Chief Education Administrator and Principal, in violation of various federal statutes, regulations, and personnel

manuals.  Specifically, Plaintiff alleges he was improperly detailed for over 120 days without a commiserate grade or pay increase, and that Defendant was obligated to provide Plaintiff with Employee Performance Appraisal Plans (EPAP) each time he completed a detail of over 120 days. Plaintiff alleges he was not provided any EPAPs from 2015 forward.   Plaintiff seeks back pay and reinstatement at the higher-grade level.

Plaintiff filed an EEO Complaint of Discrimination on August 31, 2018.  *See* Ex. 1 – EEO Formal Complaint of Discrimination; Ex. 2 – EEO Acknowledgment of Receipt.  In his EEO Complaint, Plaintiff asserted discrimination based on his race ("Anglo").  *See* Ex. 1. He alleged he was "deprived employment opportunities in BIE and DOI" and described various details held since 2012 that he claimed made him eligible for credit for time in grade, advancement, and monetary renumeration. *See id.*  Plaintiff did not check the box indicating he had pursued any other forum such as a Negotiated Grievance Procedure, the MSPB or prior court action. *See id.*

The Office of Equal Opportunity Programs notified Plaintiff of acceptance of the following claims for investigation:

> CLAIM ONE: Whether Complainant [Eric North], School Safety Specialist, GS-1701-12, Bureau of Indian Education (BIE), Associate Deputy Director, West Office, Albuquerque, New Mexico, was subjected to **race discrimination (Caucasian),** when he was denied equal pay, and the opportunity to qualify for competitive promotions from January 18, 2012 and continuing through May 25, 2018, by being detailed 21 times for 120 days in each detail into various positions, including Chief Education Administrator, Education Line Officer, and Principal, without any appropriate financial compensation, or issuance of Standard Form (SF)-50 Personnel Actions noting these details.

> CLAIM TWO: Whether Complainant based on his **race (Caucasian)** was subjected to discrimination when he did not receive Employee Performance Appraisal Plans since November 2015 and on-going, the absence of which affects his competitive opportunities to receive promotions.

*See* Ex. 3 - EEO Letter of Acceptance, dated November 7, 2018 (emphasis added). In addition, the EEO Office informed Plaintiff of his right to proceed with a lawsuit under the Equal Pay Act (EPA) without filing an administrative complaint. *See id.* An investigation was authorized and initiated in December 2018. Following the Investigation, Plaintiff was notified of his right to a hearing or a Request for Final Agency Decision. *See* Ex. 4 – EEO Transmittal of Report of Investigation. Plaintiff chose a hearing and requested appointment of an Administrative Judge. See Ex. 5 – Request for Hearing.

Administrative Judge Katherine Kruse issued an Order Scheduling an Initial Conference. The Order advised, among other information, that:

> An Administrative Judge may also dismiss a complaint pursuant to 29 C.F.R. § 1614.109(b) for any of the reasons set forth in 29 C.F.R. § 1614.107(a). The Administrative Judge may dismiss complaints on his/her own initiative, or upon the Agency's motion to dismiss a complaint.

*See* Ex. 6 – Order, dated August 24, 2020. The Initial Conference was held October 20, 2020. *See id.*

During the Initial Conference, Plaintiff asserted that the claim may be a "mixed" case, presumably to allow consideration of additional claims beyond those accepted by the EEO. The Administrative Judge and Agency counsel explained that the EEOC's jurisdiction is limited to Title VII and other anti-discrimination statutes and informed Plaintiff that a mixed case must be heard by the MSPB. *See id.* The Administrative Judge set a briefing schedule to allow Plaintiff to set forth his position in more detail.

On November 2, 2020, Plaintiff moved to have his EEO Complaint processed as a "mixed" case asserting that the actions complained of constituted prohibited personnel practices appealable to the Merit Systems Protection Board. Plaintiff argued that the EEOC should consider claims beyond those already accepted as part of his EEO complaint. In the alternative,

3

Plaintiff argued the EEOC should dismiss his EEO case and allow him to file in the District Court or the MSPB. On December 3, 2020, the Administrative Judge issued an order denying Plaintiff's motion to hear/process the case as a "mixed" case.  *See* Ex. 7 – Order. The Administrative Judge held that "Complainant has failed to set forth any basis upon which to conclude that the reframed claim, if allowed, would be a mixed-case claim over which the MSPB has jurisdiction." *Id*. In addition, if Plaintiff had set forth a mixed case claim, ""There is no right to a hearing before an [Equal Employment Opportunity] Commissions Administrative Judge on a mixed case complaint." *Id*. (citation omitted). The Administrative Judge gave Plaintiff three options as to how to proceed. Plaintiff elected to withdraw his hearing request, and file suit in the Federal District Court of New Mexico.

However, filing suit in District Court does not create a substantive right or establish a jurisdictional basis to decide Plaintiff's claims. Plaintiff continues to assert that he is entitled to relief because the claims are appealable to the MSPB.  However, Plaintiff does not set forth any recognized violation of the prohibited personnel practices.  5 U.S.C. § 2302(b)(1)-(12).  Other than Plaintiff's claims of discrimination accepted in the EEO administrative process, Plaintiff has failed to exhaust his claims, failed to set forth cognizable claims, and/or, the Court of Federal Claims has jurisdiction over his claims.

## LEGAL ARGUMENT

Plaintiff's suit alleges violations of laws and regulations governing the placement of employees on details. *See* 5 U.S.C. §§ 3341 (governing details, vacancies, and appointments within the civil service)(Count I); the Code of Federal Regulations, *see* 5 C.F.R. §§ 300.605(c), 335.10(c)(1)(ii) (Count II); 42 U.S.C. § 2000e-2 (Title VII prohibiting discrimination in employment practices) (Count III); 5 U.S.C § 2301( prohibiting discrimination in the application

4

of merit system principles among federal personnel)(Count IV); and various chapters of federal personnel manuals, *see* Performance Appraisal Handbook; Performance Management Handbook; Indian Affairs Manual (Count V). Plaintiff seeks back pay and reinstatement to a higher grade level.

Defendant denies that this Court has jurisdiction over all of Plaintiff's claims. "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994)(Barrett, J.)(citations omitted). A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998)(Scalia, J.)("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."). A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. *Alto Eldorado Partners v. City of Santa Fe*, 2009 WL 1312856, at *8-9 (D.N.M. Mar. 11, 2009)(Browning, J.)(citations omitted)).

Plaintiff asserts that this Court has jurisdiction over the remaining claims. However, Plaintiff has the burden of establishing such jurisdiction. Plaintiff cannot establish such jurisdiction, except for those claims administratively exhausted before the EEO.

 "Federal employees, like employees of private concerns, must exhaust the applicable administrative remedies before seeking judicial review." *Dossa v. Wynne*, 529 F.3d 911, 913 (10th Cir. 2008)(citing *Coffman v. Glickman*, 328 F.3d 619, 624 (10th Cir. 2003)). "A federal employee may exhaust administrative remedies either by filing a complaint with the [Equal

Employment Opportunity] department of the employing agency or by proceeding to the MSPB." *Dossa v. Wynne*, 529 F.3d at 913. Here, Plaintiff elected to bring his claims to the EEO.

"Title VII [is] the exclusive judicial remedy for claims of discrimination in the context of federal employment." *Smalls v. Emanuel*, 840 F. Supp. 2d 23, 29 (D.D.C. 2012) (quoting *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976)). Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., requires employees to exhaust administrative remedies prior to filing a civil action. A federal employee complainant must initiate EEO counselor contact within forty-five (45) days of the matter alleged to be discriminatory. 29 C.F.R. Section 1614.105(a)(1). Pursuant to 29 C.F.R. § 1614.105(d), the agency's EEO counselor must issue the complainant a notice of their right to file a formal discrimination complaint. A complaint must be filed with the agency that allegedly discriminated against the complainant within fifteen (15) days of receipt of the Notice of Final Interview. 29 C.F.R. 1614.106(a). The agency must acknowledge receipt of the complaint, and conduct an investigation into accepted claims. 29 C.F.R. § 1614.106.

In this case, the Defendant notified Plaintiff of the only accepted claims:

1.      Whether Complainant (Eric North), School Safety Specialist, GS-1701-12, Bureau of Indian Education (BIE), Associate Deputy Director, West Office, Albuquerque, New Mexico, was subjected to **race discrimination (Caucasian),** when he was denied equal pay, and the opportunity to qualify for competitive promotions from January 18, 2012 and continuing through May 25, 2018, by being detailed 21 times for 120 days in each detail into various positions, including Chief Education Administrator, Education Line Officer, and Principal, without any appropriate financial compensation, or issuance of Standard Form (SF)-50 Personnel Actions noting these details.

2.      Whether Complainant based on his **race (Caucasian)** was subjected to discrimination when he did not receive Employee Performance Appraisal Plans since November 2015 and on-going, the absence of which affects his competitive opportunities to receive promotions.

*See* Ex. 3 - EEO Letter of Acceptance, dated November 7, 2018 (emphasis added). The EEOC

subsequently denied Plaintiff's motion to consider the case a mixed case.  Thus, Plaintiff's

claims in this Court are necessarily limited to those that were exhausted administratively.

Plaintiff has not identified any basis or authority for this Court to consider any other

allegations of his Complaint. "It is axiomatic that the United States may not be sued without

its consent and that the existence of consent is a prerequisite for [subject-matter] jurisdiction."

*United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also United States v. Murdock Mach. &*

*Eng'g Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996)(holding that "if the government has not

consented to suit, the courts have no [subject-matter] jurisdiction.")

First, even if Plaintiff could set forth cognizable claims for prohibited personnel

practices, he has not timely or otherwise exhausted those claims to the MSPB.

In addition, when, as here, more than $10,000 is claimed, the Court of Federal Claims

possesses exclusive jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491. Courts have

generally held, however, that a Government employee is entitled only to the rights and salary of

the position to which he has actually been appointed by one having the authority to do so. "The

cases supporting this proposition are legion." *See Wilson v. United States*, 229 Ct. Cl. 510, 511–

12 (1981) (citations omitted). Consequently, the Court of Federal Claims has regularly dismissed

claims such as Plaintiff's. *See id.* (citations omitted).  Applying *Wilson*, the Court of Appeals in

*Spagnola v. Stockman* observed that:

> "there is nothing to suggest that Congress, in enacting 5 U.S.C. § 3341, governing
> employee details, wanted to pay illegally detailed employees at the higher rate; on
> the contrary, the whole tenor of the statute is to cut short those details at the end
> of the allowable period, not to permit the executive to by-pass the statutory
> limitation simply by paying the detailed employees as if Congress had authorized
> longer details."

732 F.2d 908, 911 (Fed. Cir. 1984). The Court went on to hold that held that the Plaintiff, who was detailed without additional compensation to perform duties of higher-level position for some three and one-half years, though well beyond the 120–day lawful period for such a detail, could not recover back pay reflecting performance of duties of the higher-level position. *See id.*

Neither the detail statute (5 U.S.C. § 3341) nor the Federal Personnel Manual requires the granting of a temporary promotion for an overlong detail, and the absence of a mandatory provision granting the temporary promotion defeats the employee's entitlement under the Back Pay Act, 5 U.S.C. § 5596 (1988)). In other words, like in *Wilson*, Plaintiff does not identify any violation of a money-mandating statute or regulation which is the key requirement for establishing jurisdiction in the Court of Claims under the Tucker Act. *Burch v. United States*, 99 Fed.Cl. 377, 382 (2011) (citing *Black v. United States*, 56 Fed.Cl. 19, 23 (2003).

As the Court of Federal Claims has stated  "§ 2302(b) [listing MSPB prohibited personnel practices] is not a money-mandating statute ... [since] nothing in this statute mandates compensation for its violation, which is the key requirement for establishing jurisdiction in this court under the Tucker Act." *Vlahos v. United States*, 111 Fed. Cl. 734, 739–40 (2013) (quoting *Burch v. United States*, 99 Fed.Cl. 377, 382 (2011)); *see also Black v. United States*, 56 Fed.Cl. 19, 23 (2003) ("Section 2302(b) in no manner mentions compensation or any right to recovery for damage sustained and, hence, the statute fails to express, either directly or by implication, that a party has a right to compensation for any damage sustained.").

Moreover, "it is well established that the Court of Federal Claims lacks jurisdiction over personnel actions that are covered by the CSRA." *Hall v. United States*, 617 F.3d 1313, 1316 (Fed.Cir.2010) (citing *United States v. Fausto*, 484 U.S. 439, 449, 108 S.Ct. 668, 98 L.Ed.2d 830

(1988) (interpreting the CSRA's statutory scheme as precluding judicial review of personnel actions)).

Finally, there is no indication in the statutory texts that Congress waived sovereign immunity with respect to any action under the federal statutes, regulations and personnel manuals cited by Plaintiff. Rather, the language places the power to ensure compliance with the agency heads, offering no monetary remedy to Plaintiff for a violation. *See* 5 U.S.C. § 8145; id. § 2302(c).

## **CONCLUSION**

In sum, the only claims properly exhausted and before this Court are Plaintiff's claims under Title VII.  This Court lacks jurisdiction over Plaintiff's claims that could have or should have been brought before the MSPB. However, Plaintiff does not identify any claims that could have been presented to the MSPB or that authorize recover of money damages.  Therefore, even if Plaintiff successfully establishes BIE improperly detailed Plaintiff, which is denied, there is no statute or other provision which authorizes money damages be paid Plaintiff in this or any other federal court.  *See Wilson v. United States*, 229 Ct. Cl. 510, 511–12 (1981).  Therefore, such claims should be dismissed.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*/s/ Erin E. Langenwalter*
ERIN E. LANGENWALTER
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 346-7274
Erin.Langenwalter@usdoj.gov

9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 1, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Bruce A. Lieberman
Law Office of Bruce A. Lieberman
10 Abiquiu Ct.
Sandia Park, NM 87047
505-286-0840
balieberman@me.com

*/s/ Erin E. Langenwalter*
ERIN E. LANGENWALTER
Assistant United States Attorney