IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC NORTH,

       Plaintiff,

vs.                              No. CIV 1:20-01296 DHU-JMR

DEB HAALAND, Secretary,
DEPARTMENT OF THE INTERIOR,[1]

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on Defendant's Partial Motion to Dismiss for

Lack of Jurisdiction, filed June 1, 2021 ("Motion to Dismiss") (Doc. 18).  The Court held a hearing

on August 13, 2021. *See* Clerk's Minutes, filed August 13, 2021 (Doc. 30). The primary issue is

whether, with the exception of the claim brought under Title VII, 42 U.S.C. § 2000e, the Court has

jurisdiction over Plaintiff Eric North's claims related to his employment with the Bureau of Indian

Education in the United States Department of the Interior.  Finding the Court lacks jurisdiction to

hear these claims, the Court GRANTS the Defendant's motion.

**I.**
**BACKGROUND**

**A. Plaintiff's Administrative Complaint before the Bureau of Indian Education and the
Equal Employment Opportunity Commission.**

Until he left his employment, Plaintiff worked as a School Safety Specialist (GS-12) for

the Bureau of Indian Education ("BIE") in the United States Department of the Interior. (Doc. 2

---

[1] Pursuant to rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Secretary
Deb Haaland for Acting Secretary Scott De La Vega.  *See* Fed. R. Civ. P. 25(d).

¶ 1, 1).

On August 26, 2018, Plaintiff filed an Equal Employment Opportunity ("EEO") administrative complaint with the BIE's Office of Equal Opportunity Programs ("OEOP") alleging that, by not following its own policies and procedures, the BIE had denied him employment opportunities due to his race. (Doc. 18, at 3).

Based on the allegations made in the EEO administrative complaint, the OEOP accepted Plaintiff's following claims for investigation:

> **CLAIM ONE**: Whether Complainant [Eric North], School Safety Specialist, GS-1701-12, Bureau of Indian Education (BIE), Associate Deputy Director, West Office, Albuquerque, New Mexico, was subjected to race discrimination (Caucasian), when he was denied equal pay, and the opportunity to qualify for competitive promotions from January 18, 2012 and continuing through May 25, 2018, by being detailed 21 times for 120 days in each detail into various positions, including Chief Education Administrator, Education Line Officer, and Principal, without any appropriate financial compensation, or issuance of Standard Form (SF)-50 Personnel Actions noting these details.

> **CLAIM TWO**: Whether Complainant based on his race (Caucasian) was subjected to discrimination when he did not receive Employee Performance Appraisal Plans since November 2015 and on-going, the absence of which affects his competitive opportunities to receive promotions.

(Doc. 18-3).

An investigation into the allegations of discrimination was authorized and initiated by the OEOP in December 2018 and, following the investigation, the OEOP provided a report of its investigation and notified Plaintiff that he had the right to choose one of three options.  (Doc. 18-4).  First, the OEOP informed Plaintiff that he could request a hearing before an Administrative Judge with the U.S. Equal Employment Opportunity Commission ("EEOC").  *See id*.   Second, Plaintiff could request a Final Agency Decision by submitting a request to the Office of Civil Rights.  *See id*.  Finally, Plaintiff was advised he could withdraw his administrative complaint. *See id.*

Plaintiff chose a hearing and requested the appointment of an EEOC Administrative Judge. (Doc. 18-5). On August 24, 2020, the EEOC notified Plaintiff that an Administrative Judge had been assigned to preside over Plaintiff's complaint and that an Initial Conference before the Administrative Judge had been scheduled.  (Doc. 18-6). The Initial Conference before the EEOC took place on October 20, 2020.[2] (Doc. 20, at 4).  During the conference, Plaintiff orally requested the Administrative Judge consider his case as a "mixed" case – i.e., a case in which a claimant alleges both discrimination and other employment actions related to or arising from the discrimination over which the Merit Systems Protection Board ("MSPB") would have jurisdiction. The Administrative Judge, however, informed Plaintiff that the EEOC did not have jurisdiction to hear a "mixed" case but provided Plaintiff the opportunity to file a motion to have the case processed as a "mixed" case and be heard by the Merit Systems Protection Board ("MSPB"). Plaintiff, however, declined to seek the transfer of the case to the MSPB fearing that the case would be dismissed on the ground that it was time-barred.  *See id*.

After the Initial Conference before the EEOC Administrative Judge, Plaintiff then filed a formal written motion to have his administrative complaint heard and/or processed by the EEOC as a "mixed" case, asserting that the actions complained of constituted prohibited employment practices related to racial discrimination that were appealable to the MSPB. (Doc. 20, at 1). Plaintiff argued that the EEOC had jurisdiction to hear and adjudicate his non-discrimination claims, citing primarily to regulations and federal statutes pertaining to claims that are appealable to the MSPB. *See id*. at 6-10.  In the alternative, Plaintiff argued that the EEOC should formally

---

[2]   The Order Scheduling an Initial Conference calendared the conference for September 8, 2020. (Doc. 18-6).  The conference, however, apparently did not take place until October 20, 2020. (Doc. 20, at 4).

determine that his case was a "mixed case" over which the EEOC did not have jurisdiction to hear and notify him of his right to pursue his claim with the MSPB or the United States District Court. *See id*. at 13.

On December 3, 2020, the Administrative Judge issued an order denying Plaintiff's motion to hear/process the case as a "mixed" case. (Doc. 18-7). The Administrative Judge held that, "Complainant has failed to set forth any basis upon which to conclude that the reframed claim if allowed, would be a mixed-case claim over which the MSPB has jurisdiction." *Id.* The Administrative Judge also concluded that, even if Plaintiff had set forth a mixed case claim, "[t]here is no right to a hearing before an [Equal Employment Opportunity] Commissions Administrative Judge on a mixed case complaint." *Id.* (quoting EEOC Management Directive 110 at 4-1). The Administrative Judge gave Plaintiff three options as to how to proceed. First, he could file a lawsuit in United States District Court asserting his claim of discrimination because more than 180 days had passed since filing the administrative complaint. (Doc. 18-7). Alternatively, he could proceed in the administrative hearings process with his current claim of race discrimination. Finally, he could withdraw his hearing request and have the case returned to the agency (Department of Interior) for issuance of a Final Agency Decision on Complainant's discrimination claims. (Doc. 18-7, at 3-4).

## B. Plaintiff's Federal Lawsuit

On December 15, 2020, Plaintiff filed the instant action in this Court setting forth the following counts:

**Count I:** Defendant violated the provisions of 5 U.S.C. § 3341(b)(1) by detailing the Plaintiff for more than 120 days without subjecting the detailed position to a competitive process;

**Count II:** Defendant violated the provisions of 5 C.F.R. § 300.605(c) by not providing

Plaintiff time-in grade credit at the grade level of the position to which Plaintiff was detailed, by not allowing Plaintiff to compete for advancement to the positions to which he was detailed during the few times those positions opened up for competitive hiring, by not providing Plaintiff an opportunity to advance to any other higher grade positions, by not compensating Plaintiff at the higher pay grade rate of the detailed positions after the time allowed by the regulations to continue paying Plaintiff at his existing pay grade, and by not providing Plaintiff with the Employment Performance Appraisal Plans mandated by applicable statutes, regulations, and manual and procedure handbooks;

Count Three: Defendant violated the provisions of 42 U.S.C. § 2000e by affording Native American BIE employees who, like Plaintiff, served on extended details, the opportunities and benefits he was denied;

Count Four: Defendant violated 5 U.S.C. § 2301(b)(2) and 5 C.F.R. 335.103, as well as Defendant's Performance Appraisal Handbook, Defendant's Performance Management Handbook and Defendant's Indian Affairs Manual, all of which require that employees receive fair and equitable treatment in all aspects of personal management;

Count Five: Defendant violated the provisions of 5 U.S.C. § 4302 and 5 C.F.R. 430, *et seq.*, as well as Defendant's Performance Management Handbook and Defendant's Indian Affairs Manual when Defendant failed to prepare and provide to Plaintiff periodic Employee Performance Appraisal Plans; and

Count Six: Defendant made Plaintiff's working conditions intolerable and thus constructively discharged him from employment. *See* Amended Complaint for Damages and Reinstatement at ¶¶ 8-20 (hereinafter "Amended Complaint") (Doc. 2).

Defendant now moves the Court to dismiss certain claims brought by Plaintiff, ostensibly

pursuant to Fed. R. Civ. Proc. 12(b)(1).  Defendant argues that, "With the exception of [Plaintiff's] claims for discrimination under Title VII [Count 3], this Court lacks jurisdiction over Plaintiff's claims either because they have not been exhausted, the claims are not cognizable against the United States, and/or the Court of Federal Claims has [exclusive] jurisdiction." (Doc. 18, at 1). Plaintiff opposes, arguing that Plaintiff has exhausted his administrative remedies, Plaintiff's claims are cognizable against Defendant, and Plaintiff's complaint must be brought in this Court. (Doc. 23, at 3).

## II.
## ANALYSIS

### A.  There is No Dispute that Plaintiff Exhausted his Administrative Remedies for his Claim of Race Discrimination under Title VII.

"Federal employees, like employees of private concerns, must exhaust the applicable administrative remedies before seeking judicial review." *Dossa v. Wynne*, 529 F.3d 911, 913 (10th Cir. 2008) (citing *Coffman v. Glickman*, 328 F.3d 619, 624 (10th Cir. 2003)). "A federal employee may exhaust administrative remedies either by filing a complaint with the EEO department of the employing agency or by proceeding to the MSPB." *Id*. (citing *Glickman*, 328 F.3d at 624).  As to claims of discrimination, "Title VII [provides] the exclusive judicial remedy . . . in the context of federal employment." *Smalls v. Emanuel*, 840 F. Supp. 2d 23, 29 (D.D.C. 2012) (quoting *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976)). Title VII also requires federal employees to first exhaust administrative remedies before filing a civil action in federal court.  *See, e.g*., *Payne v. Salazar,* 619 F.3d 56, 65 (D.C.Cir. 2010); *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003). To exhaust these remedies, a claimant must raise his or her alleged complaint before the EEO of the employing agency or the EEOC.  *See* 42 U.S.C. § 2000e-16.  Generally, within 90 days of receipt of notice of final action taken by an agency or the EEOC, or within one hundred and eighty

days from the filing of the initial charge with the agency or with the EEOC, a federal employee

may file a civil action in federal court under Title VII for discrimination in which the head of the

agency is the defendant.  *See id*. at § 2000e-16 (c).

In this case, Plaintiff chose to bring his claim of discrimination to the EEO of his employing

agency, the OEOP.  (Doc. 18-1).   In his administrative complaint before the OEOP, Plaintiff

alleged that, by not following its own policies and procedures, the BIE had denied him employment

opportunities due to his race. (Doc. 18-1, at 3).   Following an investigation by the OEOP, Plaintiff

requested a hearing and the appointment of an Administrative Judge. (Doc. 18-5).   Although

Plaintiff eventually withdrew his request for a hearing, he filed his discrimination claims in this

Court after 180 days had passes since the filing of his initial administrative complaint, as provided

by statute and regulation.   *See* 42 U.S.C. § 2000e-1(c); 29 C.F.R. § 1614.107(a)(3) and

1614.109(b).   Plaintiff has exhausted his administrative remedies with regard to his claim of

discrimination.

### B.  Plaintiff Has Not Exhausted His Administrative Remedies with Regard to the Employment Matters Raised in Counts One, Two, Four and Five of his Complaint.

As stated above, Plaintiff chose to file an administrative complaint with the EEO

department of his employing agency.  In his administrative complaint, Plaintiff did not raise, as

independent claims, any violations of federal employment regulations, manuals, or handbooks, but

instead recited factual allegations concerning his work detail and asserted that the "Bureau of

Indian Education through an abuse of power and [by] not following their own policies and

procedure [had] denied [Plaintiff] employment opportunities due to his race." (Doc. 18-1, at 3).

 Now, Plaintiff brings various claims in this Court asserting that, in addition to the actions

he alleges were discriminatory, Defendant violated certain federal regulations, statutes,

handbooks, and manuals when Defendant, among other things, assigned Plaintiff to various details without opening the detailed positions to a competitive promotion process, without granting Plaintiff "time-in" credit at the appropriate grade level, and without providing Plaintiff with required Employee Performance Appraisal Plans.  *See* Amended Complaint, ¶¶ 2, 4, 8-12, 14-20. In her motion to dismiss, Defendant argues that these claims are not cognizable causes of action in federal court and, even if they were, Plaintiff did not exhaust his administrative remedies as to these claims.  *See* Motion to Dismiss at 4-9 (Doc. 18). Plaintiff opposes Defendant's motion, arguing that the Tenth Circuit's decision in *Wells v. Shalala*, 228 F.3d 1137 (2000) "establishes that Plaintiff has exhausted his remedies." (Doc. 23, at 3-7). Plaintiff also relies on *Wells* to argue that his non-discrimination claims are, in fact, cognizable.  *See id*.

The Court disagrees with Plaintiff's contention that *Wells* unequivocally supports his argument that his claims are independently cognizable in federal court or that *Wells* supports his assertion that he has exhausted his administrative remedies with regard to these claims.  In *Wells*, a federal employee alleged constructive discharge on the basis of discrimination and retaliation in violation of the Whistleblower Protection.  *See Wells*, 228 F.3d at 1140.  The employee then filed a "mixed case" complaint with her agency's EEO office, which investigated and denied the claims. *See id*. at 1142.  The employee then filed a civil action in district court, raising both claims.  *See id*. The government argued that the district court lacked jurisdiction to hear the employee's non-discrimination claims because he failed to exhaust them before the MSPB.  *See id*.  The Tenth Circuit, however, disagreed, holding that pursuant to 5 U.S.C. § 7702(a)(2)(b), "following an adverse agency decision, the employee has the option in a 'mixed case' complaint of filing a civil action in the district court rather than appealing to the MSPB." *Id*. at 1143.

Plaintiff's reliance on *Wells* is misplaced.  In that case, there was no dispute that the

employee had brought a "mixed case" complaint and the question was whether he had to appeal the adverse agency decision to the MSPB, which had appellate jurisdiction over the type of claims he brought, or whether the employee could proceed directly to the district court. *See id*.  Although the Tenth Circuit ultimately determined that the employee in *Wells* could proceed directly to federal court, the case does not help Plaintiff here for two reasons – First, Plaintiff did not bring a "mixed case" complaint before his employing agency or the EEOC and the non-discrimination claims brought by Plaintiff were not appealable to the MSPB.  A "mixed case complaint" is defined in the Code of Federal Regulations as a:

> [C]omplaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action *that can be appealed to the Merit Systems Protection Board* (MSPB).  The complaint may contain only an allegation of employment discrimination or it may contain additional allegations *that the MSPB has jurisdiction to address*.

29 C.F.R. § 1614.302(a) (emphasis added). There is no dispute that Plaintiff filed an administrative complaint alleging discrimination on the basis of race, so the applicable question here is whether the discrimination alleged in Plaintiff's administrative complaint was "related to or stemm[ed] from an action that can be appealed to the Merit Systems Protection Board" or that "the MSPB has jurisdiction to address." *Id.*  Claims that are appealable to the MSPB are those that are "particularly serious" actions, such as, *inter alia*, removal from employment, a reduction in grade or pay, suspension for more than 14 days, involuntary resignation or retirement, failure to restore to employment after a work-related injury, certain reductions in force, and denial of within-grade pay increase. *See* 5 C.F.R. § 1201.3(a).  Plaintiff, however, did not bring these types of claims in his administrative complaint.  Instead, his claims included, generally, the BIE's failure to follow its own policies and procedures regarding the detailing of employees and the BIE's

failure to provide Plaintiff with Employee Performance Appraisal Plans. (Doc. 18-1). These types of claims, even when brought with a discrimination claim, simply do not constitute the serious employment actions that would provide the MSPB jurisdiction to review an employing agency's decision or that would constitute a "mixed case" complaint. *See* 5 C.F.R. § 1201.3(a).

Second, because the non-discrimination claims brought by Plaintiff were not the type of claims that would be reviewable by the MSPB, Plaintiff has not shown that these claims would be cognizable in this Court. Plaintiff has not cited any legal authority to support the proposition that a federal employee can bring claims related to his employment–that were not appealable to the MSPB–directly to this Court without any review by his employing agency, the MSPB, or the EEOC.

In sum, the Court finds that *Wells* is not applicable here and Plaintiff has not met his burden of establishing jurisdiction over his non-discrimination claims in this Court.

### C. Plaintiff did Not Raise Constructive Discharge with his Employing Agency and the EEOC Did Not Consider the Claim; Therefore, Plaintiff Has Not Exhausted his Administrative Remedies with Regard to that Cause of Action.

Through Count Six of his Amended Complaint, Plaintiff asserts a constructive discharge claim, alleging that he left his employment because Defendant made Plaintiff's working conditions intolerable. *See* Amended Complaint at ¶ 20 (Doc. 2). According to Defendant, he has "plainly" alleged a constructive discharge claim along with his claim of discrimination and therefore this Court must have jurisdiction over the claim because it was dismissed by the EEOC. (Doc. 23 at 5). Again, there are problems with Defendant's argument. The applicable question is not whether Plaintiff now alleges a constructive discharge in his Complaint, but whether he exhausted his administrative remedies by first asserting the claim with his employing agency's EEO department or the MSPB. *See Dossa*, 529 F.3d at 913. In this case, Plaintiff filed his administrative complaint

with his employing agency's EEO department in August 2018, but did not allege that he was constructively discharged from his employment, presumably because he did not leave his employment until a year later, in August 2019.  (Doc. 18-1, Doc. 20).  But even after he left his employment in 2019, Plaintiff did not move for leave to amend his complaint to add a constructive discharge claim before the EEOC, as provided for in 29 C.F.R. § 1614.106(d).  Plaintiff is therefore incorrect when he asserts that the EEOC Administrative Judge dismissed his claim for constructive discharge, because that claim was not before the EEOC.  Because Plaintiff did not bring his claim of constructive discharge either before the EEO of his agency or before the EEOC, Plaintiff has not exhausted his administrative remedies on that claim and this Court has no jurisdiction to hear it.[3]

### D.  The Court Need Not Decide Defendant's Remaining Arguments Regarding Jurisdiction.

In her motion to dismiss, Defendant argues that, even if Plaintiff had exhausted his administrative remedies as to his non-discrimination claims, the Court has no jurisdiction over those claims because Plaintiff seeks more than $10,000 in compensation and because Congress did not waive the United States' sovereign immunity with respect to any action under the federal statutes, regulations and personnel manuals cited by Plaintiff.  *See* Motion to Dismiss at 7-9 (Doc.

---

[3] Plaintiff referenced a constructive discharge claim in his request to have the EEOC hear his case as a "mixed case," but even then, he only stated that he left his employment "having been denied all opportunities for advancement" and "because of BIE's wrongful employment practices."  (Doc. 20 at 4, 7).  In denying Plaintiff's request to consider his EEO complaint as a "mixed case" complaint, the EEOC Administrative Judge correctly noted that Plaintiff's administrative complaint did not allege constructive discharge even if that claim was appealable to the MSPB. (Doc. 18-7 at 3).  To establish jurisdiction to the MSPB for constructive removal, the plaintiff must prove that his resignation or retirement was involuntary. *See Christie v. United States*, 518 F.2d 584, 587 (1975). Resignations are presumed voluntary, so a complainant must do more than assert the claim to pursue a claim for constructive discharge before the MSPB. *See Aliotta v. Bair*, 614 F.3d 556, 556 (D.C. Cir. 2010).

18).  Because the Court finds that Plaintiff did not exhaust his administrative remedies with respect to the non-discrimination claims he now alleges in his Amended Complaint, the Court finds it has no jurisdiction to hear those claims and thus declines to decide the remaining issues raised by Defendant.

### III.
### CONCLUSION

For the reasons stated above, the Court finds that it lacks subject matter jurisdiction over Counts One, Two, Four, Five, and Six of Plaintiff's Amended Complaint.  Those Counts will therefore be **dismissed** pursuant to Fed. R. Civ. P. 12(b)(1).  The Court further finds that it does have jurisdiction over the Title VII race discrimination claim alleged in Count III of the Amended Complaint.

**IT IS THEREFORE ORDERED** that Defendant the United States of America's Partial Motion to Dismiss for Lack of Jurisdiction, filed June 1, 2021 (**Doc. 18**), is **GRANTED**.

**IT IS SO ORDERED**.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE